[No. 34362. Department One. February 27, 1958.]

Edward W. Tobin et al., Appellants, v. J. S. Devenny et al., Respondents.[1]

Jones & Grey and Albert Olsen, for appellants.

Arthur Grunbaum and Solie M. Ringold, for respondent Devenny.

Frederick W. Post (of Welling & Post), for respondents Quickstad and Mills.

Mallery, J.—This is an action to recover earnest money and damages on a real-estate contract. The defendant Devenny, on December 24, 1955, gave the defendant Quickstad, doing business as the Real Estate Investment Company, an option to purchase the four patented mineral claims here in question for the sum of one hundred twenty-five thousand dollars. The option by which defendant Devenny is bound provided, inter alia:

"1. The purchase price of the above described mineral claims is $125,000.00. Said sum is to be paid after Jan. 1, 1956 and on or before Jan. 20, 1956. The seller and purchaser will deposit in escrow at a title company or bank (designated by seller) all instruments and monies necessary to complete this option to purchase. The cost of escrow shall be paid one half each by seller and purchaser.

"2. Title to the above patented claims (in the form of unrecorded patents from the U. S. Government) is to be deposited by seller in escrow within 10 days after purchaser has paid the purchase price of $125,000.00 (net to seller). The purchase price is to be released to seller upon deposit with the escrow agent of title to said claims. Title to be released by escrow agent to purchaser on April 15, 1958 or earlier, if authorized by seller. Purchaser agrees not to take possession before April 15, 1958, unless authorized by seller."

Defendant Quickstad, whose rights in the property consisted only of his option, entered into a contract with the plaintiffs for the sale of the timber on the four mineral claims here in question on January 17, 1956. The contract by which defendant Quickstad is bound contained the following provisions:

"2. The purchase price of the 4 claims in Group One is the sum of One Hundred Thirty Eight Thousand Dollars ($138,000.00).

"(a) The sum of $15,000.00 is paid herewith as earnest money as part of the purchase price. The balance of the purchase price in the sum of $123,000.00 to be paid on or before Jan. 15 [added in ink: 19th (R. E.

[1]Reported in 322 P. (2d) 123.

Inv. Co. by KMQ)], 1956. The seller and purchaser will deposit in escrow at a title company or bank (designated by seller) all instruments and monies necessary to complete this purchase. The cost of escrow shall be paid one half each by seller and purchaser.

"(b) Title to the above patented claims in group one (in the form of unrecorded patents from the U. S. Gov't.) is to be deposited by seller in escrow within 10 days after purchaser has paid the balance of the purchase price, and the purchase price to be released to seller upon deposit with escrow agent of title to said claims. Title to be released by escrow agent to purchaser on April 15, 1958; or earlier if authorized by seller. Purchaser agrees not to take possesison until April 15, 1958, unless authorized by seller. . . .

"4. Seller represents that he can deliver good title to the 4 patented mineral claims in group one, and agrees to furnish a title insurance policy, showing the said property to be free and clear of all incumbrances. Seller warrants that these claims are patented, surveyed, and that the U. S. Government has been paid for all the claims.

"5. If title is not insurable and cannot be made insurable within 30 days from date of title report, earnest money shall be refunded and all rights of purchaser terminated, except that purchaser may waive defects and elect to purchase. But if title is good and purchaser neglects or refuses to complete purchase, the earnest money shall be forfeited as liquidated damages."

Upon their payment of the fifteen thousand dollars and delivery of the contract to them, the plaintiffs negotiated for the sale of the timber on the four mineral claims in question to the Seaboard Lumber Company and other prospective purchasers, who required as a condition of purchase that their title and title insurance would be concurrent with payment of the purchase price. This was beyond the plaintiffs' power, because they could not require defendant Devenny to deposit the title in escrow until ten days after payment of the money, under the terms of his option to defendant Quickstad, which provision was carried over into their own option. Defendant Quickstad had extended the plaintiffs' option one day to include January 20, 1956, the last day of his own option from defendant Devenny.

On January 20, 1956, the plaintiffs demanded that they be furnished with title insurance concurrently with the payment of the purchase price. Defendants refused to do so, and, because of this, plaintiffs refused to pay the purchase price to the Seattle First National Bank, the escrow holder designated by defendant Devenny under the terms of his contract.

On January 18, defendant Devenny offered an extention of his option to defendant Quickstad to February 1, 1956, for the sum of forty thousand dollars. Defendant Quickstad relayed the offer to the plaintiffs. They would have accepted it upon the condition that title insurance would be furnished concurrently with payment of the balance of the purchase price. This condition being unacceptable to defendant Devenny, the negotiations for an extension of the option came to nothing.

The court found:

"That at the close of the banking day on January 20, 1956 Defendants QUICKSTAD and MILLS were orally notified by the Defendant DEVENNY that their option to purchase was terminated by reason of their failure to make the payment required therein. That on the same day the Defendants QUICKSTAD and MILLS advised the Plaintiffs that their agreement was terminated because of the failure of the Plaintiffs to pay the monies required therein to be paid, and that the Fifteen Thousand Dol-

lars ($15,000.00) theretofore deposited by Plaintiffs with the Defendant QUICKSTAD d/b/a Real Estate Investment Company, pursuant to said agreement, would be retained by the Defendants QUICKSTAD and MILLS pursuant to said agreement."

It may be noted that defendant Mills was a party herein by reason of being a joint venturer with defendant Quickstad.

On January 25, 1956, defendant Devenny sold the property in question to a third party for the sum of one hundred seventy-five thousand dollars upon terms and conditions not material to this action.

The court denied plaintiffs' prayer for the return of the fifteen thousand dollars earnest money and for damages for breach of the contract.

The plaintiffs appeal.

Appellants base their appeal upon the theory that respondents' obligation to furnish title insurance was concurrent with their obligation to pay the purchase price, and that, since respondents failed to furnish it, they could not rescind the contract or forfeit the earnest money.

One of several answers to this theory is the language of appellants' contract:

"Title . . . is to be deposited by seller in escrow within 10 days *after* purchaser has paid the balance of the purchase price, . . ." (Italics ours.)

This is conclusive upon appellants' theory, for certainly effective title insurance cannot be expected prior to and in absence of an instrument passing the title.

The judgment is affirmed.

HILL, C. J., FINLEY, OTT, and HUNTER, JJ., concur.

April 23, 1958. Petition for rehearing denied.